## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NIA TIANNE REESE**,                      Case No. 2022-cv-
                                            Hon.
                 Plaintiff,

-vs-
                                            Oakland County Circuit Court
**GERALD FELTS**, and                       Case No. 2022-194922-NI
**SERVICE ELECTRIC COMPANY**,               Hon. Yasmine I. Poles

                 Defendants.
_____/

## <u>NOTICE OF REMOVAL</u>

TO:   Clerk of the Court
      United States District Court
      Eastern District of Michigan

      **PLEASE TAKE NOTICE** that Defendants **GERALD FELTS** ("Defendant

Felts") and **SERVICE ELECTRIC COMPANY** ("Defendant Service Electric")

(collectively "Defendants") by and through their attorneys, file their Notice of

Removal for removal of this civil action from the Circuit Court of Oakland County,

Michigan, to the United States District Court for the Eastern District of Michigan on

the grounds of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 as

well as 28 U.S.C. §§ 1441 and 1446, and shows this Court as follows:

**INTRODUCTION**

1.      On or about July 1, 2022, Plaintiff Nia Tiana Reese ("Plaintiff") filed and commenced an action in the Oakland County Circuit Court, bearing Docket No. 2022-194922-NI (the "Action"), against Defendant Felts. Copies of the Initial Summons and Complaint are attached hereto as **Exhibit 1**.

2.      Thereafter on July 15, 2022, Plaintiff filed a First Amended Complaint to include Defendant Service Electric into the Action. *See Id.*

3.      This Action is a civil action wherein Plaintiff pleads damages for personal injuries as a result of Defendants' alleged negligent conduct in connection with an accident that occurred on July 29, 2021. *See Id.*

4.      Defendants were served with a copy of the amended pleading on July 22, 2022.

**DIVERSITY OF CITIZENSHIP EXISTS**

5.      When diversity jurisdiction exists, a defendant may remove an action from state court to federal court by filing a notice of removal. However, federal courts are of limited jurisdiction. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).

6.      This Action is a civil action, of which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. §1332 and is one which may be removed to this court by Defendants pursuant to 28 U.S.C. §1441(b), in that this is

a civil action or proceeding between citizens of different states.

7.      Plaintiff is a citizen of Oakland County in the State of Michigan.

8.      Defendant Felts is a citizen of Dickson County in the State of Tennessee.

9.      Defendant Electric Service is a corporation formed under the laws of Delaware, with its principal place of business in Chattanooga, Tennessee, and therefore a citizen of both Delaware and Tennessee.

10.     There is complete diversity of citizenship between Plaintiff and both Defendants, neither Defendant being a citizen of the same state as Plaintiff, and the requisite amount in controversy exceeds the amount set forth in the diversity jurisdiction statute.

## THE AMOUNT IN CONTROVERSY HAS BEEN SATISFIED

11.     28 U.S.C. § 1446(c)(2)(a) permits the Notice of Removal to assert the amount in controversy if the initial pleading seeks "(i) non-monetary relief; or (ii) a money judgment, but the state practice either does not permit the demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in [28 U.S.C. § 1332(a)]." Under Michigan Court Rule 2.601(A) "[e]xcept as provided in subrule

(B) [judgment by default], every final judgment may grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in his or her pleadings." Mich. Ct. R. 2.601(A). Accordingly, Michigan law "permits recovery of damages in excess of the amount demanded." *See Stafford-Smith, Inc. v. Schut*, 2012 WL 13028665, at *1 (W.D. Mich. Sept. 24, 2012) (citing 28 U.S.C. § 1446(c)(2)(A)(ii) and (B)) (attached as Exhibit C).

12.    In the present case, Plaintiff's Amended Complaint seeks to recover money damages as a result of severe and potentially permanent injuries sustained by Plaintiff, which allegedly include a closed-head injury, neck injuries and pain, back injuries and pain, abdomen injuries and pain, spin injuries, chest injuries and pain, left shoulder injuries and pain, left arm injuries and pain, left elbow injuries and pain, left wrist injuries and pain, left hand and finger injuries and pain, post-traumatic stress disorder, sleep disorder, among other allegations. *See* Plaintiff's Amended Complaint, ¶19. The Complaint states that the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00); however, while Defendants deny liability for any damages to Plaintiff whatsoever, based upon the allegations of the Complaint that include past, present and future medical expenses, pain and suffering, and other damages, it appears in good faith that the amount in controversy exceeds $75,000.00 exclusive of interests and costs.  *See* **Exhibit 1**, ¶19, 20**.**

## **VENUE**

13.     Venue is proper pursuant to 28 U.S.C. § 1441(a), which permits removal of any civil action brought in the State Court of which the district courts of the United States have original jurisdiction.  The original jurisdiction of United States District Court for the Eastern District of Michigan includes Oakland County, Michigan, the place where this suit is currently pending.

## **NOTICE OF REMOVAL IS TIMELY**

14.     This Notice of Removal is timely filed within 30 days after Defendants were served with a copy of the Action.

15.     A written notice of the filing of this Notice of Removal has been given to all parties as required by law.

16.     A written notice of this Notice of Removal will promptly be filed with the Oakland County Circuit Court and served upon all adverse parties.

**WHEREFORE,** Defendants **GERALD FELTS** and **SERVICE ELECTRIC COMPANY** respectfully request that the Action (Oakland County Circuit Court Case No. 2022-194922-NI) now pending against them in the State of Michigan, County of Oakland be removed to this Honorable Court.

Respectfully submitted,

CLARK HILL PLC

By:*/s/ Anthony A. Agosta*
　Anthony A. Agosta (P57355)
　Ahmad C. Chamseddine (P83697)
　500 Woodward Avenue, Suite 3500
　Detroit, MI  48226
　(313) 965-8300 T (313) 965-8252 F
　Attorneys for Defendants
　aagosta@clarkhill.com
　achamseddine@clarkhill.com

Date:  August 2, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2022, a copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF and by U.S. Mail on counsel of record listed below:

ALAN L. LATHAM (P77559)
RENEE C. GRUBER (P79422)
Latham Law PLLC
346 Park Street, Suite 130
Birmingham, MI 48009

Respectfully submitted,

CLARK HILL PLC

By:*/s/ Anthony A. Agosta*
    Anthony A. Agosta (P57355)
    Ahmad C. Chamseddine (P83697)
    500 Woodward Avenue, Suite 3500
    Detroit, MI 48226
    (313) 965-8300 T (313) 965-8252 F
    Attorneys for Defendants
    aagosta@clarkhill.com
    achamseddine@clarkhill.com

Date: August 2, 2022

# EXHIBIT 1



**null / ALL**
**Transmittal Number: 25261548**
**Date Processed: 07/22/2022**

# Notice of Service of Process

| Primary Contact: | Katherine Marietta<br>Quanta Services, Inc.<br>2800 Post Oak Blvd<br>Ste 2600<br>Houston, TX 77056-6175 |
| --- | --- |

| | |
| --- | --- |
| **Entity:** | Service Electric Company<br>Entity ID Number  2156663 |
| **Entity Served:** | Service Electric Company |
| **Title of Action:** | Nia Tianne Reese vs. Service Electric Company |
| **Matter Name/ID:** | Nia Tianne Reese vs. Service Electric Company (12596766) |
| **Document(s) Type:** | Amended Complaint/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | 6th Judicial Court, MI |
| **Case/Reference No:** | 2022-194922-NI |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 07/22/2022 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Latham Law PLLC<br>248-854-1634 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# Entity Information

## Entity Information

| | |
|---|---|
| Entity Name: | Service Electric Company |
| Entity ID: | F1382847 |
| Entity Type: | Stock Corporation |
| Entity Status: | **Active** |
| Series LLC: | N/A |
| Reason for Status: | Active and In Good Standing |
| Formation Date: | N/A |
| Status Date: | 09/17/2004 |
| VA Qualification Date: | 06/14/1999 |
| Period of Duration: | Perpetual |
| Industry Code: | 0 - General |
| Annual Report Due Date: | N/A |
| Jurisdiction: | DE |
| Charter Fee: | $50.00 |
| Registration Fee Due Date: | Not Required |

## Registered Agent Information

| | |
|---|---|
| RA Type: | Entity |
| Locality: | RICHMOND CITY |
| RA Qualification: | BUSINESS ENTITY THAT IS AUTHORIZED TO TRANSACT BUSINESS IN VIRGINIA |
| Name: | CORPORATION SERVICE COMPANY |
| Registered Office Address: | 100 Shockoe Slip Fl 2, Richmond, VA, 23219 - 4100, USA |

## Principal Office Address

Privacy Policy (https://www.scc.virginia.gov/privacy.aspx) | Contact Us
Address:
(https://www.scc.virginia.gov/clk/clk_contact.aspx)

1631 E 25th St, Chattanooga, TN, 37404 - 5714,
(https://www.scc.virginia.gov/clk/clk_contact.aspx)
USA (https://www.facebook.com/VirginiaStateCorporationCommission)

(https://twitter.com/VAStateCorpComm)

## Principal Information

| Title | Director | Name | Address | Last Updated |
|---|---|---|---|---|
| Chief Executive Officer | No | Owen J. Shea Jr. | 1631 E 25th St, Chattanooga, TN, 37404 - 5714, USA | 06/02/2021 |
| Chief Financial Officer | No | Angela O'Connor | 1631 E 25th St, Chattanooga, TN, 37404 - 5714, USA | 06/02/2021 |
| Secretary | No | Claudia G. Santos | 2800 Post Oak Blvd, Ste 2600, Houston, TX, 77056, USA | 06/02/2021 |
| | Yes | Gerald Albert Ducey Jr. | 2800 Post Oak Blvd, Ste 2600, Houston, TX, 77056, USA | 06/02/2021 |
| | Yes | Brett A. Schrader | 2800 Post Oak Blvd, Ste 2600, Houston, TX, 77056, USA | 06/02/2021 |
| President | No | Christopher C. Froehlich | 1631 E 25th St, Chattanooga, TN, 37404 - 5714, USA | 06/28/2022 |

## Current Shares

Total Shares: 1000

Filing History     RA History     Name History     Previous Registrations

Garnishment Designees     Image Request

( Back )   ( Return to Search )   ( Return to Results )

Back to Login

Privacy Policy (https://www.scc.virginia.gov/privacy.aspx) | Contact Us

(https://www.scc.virginia.gov/clk/clk_contact.aspx)

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>**JUDICIAL DISTRICT**<br>6th    **JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | **CASE NO.**<br>2022-194922-NI |
|---|---|---|

| Court address<br>1200 TELGRAPH ROAD, PONTIAC, MI 48340 | | Court telephone no. |
|---|---|---|

| Plaintiff's name(s), address(es), and telephone no(s).<br>NIA TIANNE REESE | v | Defendant's name(s), address(es), and telephone no(s).<br>SERVICE ELECTRIC COMPANY,<br><br>This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling. |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
ALAN L. LATHAM (P77559)
Latham Law PLLC
346 Park Street, Suite 130
Birmingham, Michigan 48009
O: (248) 854-1634 / F: (248) 433-1989

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/15/2022 | Expiration date*<br>10/14/2022 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01**  (9/19)  **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**SUMMONS**

Case No.2022-194922-NI

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                          Date

My commission expires: _____     Signature: _____
                                     Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                    Attachments

_____ on _____
                                                  Day, date, time

_____ on behalf of _____
Signature

## STATE OF MICHIGAN

## IN THE SIXTH CIRCUIT COURT FOR THE COUNTY OF OAKLAND

**NIA TIANNE REESE,**

           Plaintiff,

-v-

**GERALD FELTS, and
SERVICE ELECTRIC COMPANY,**

           Defendants.

                            /

**CASE NO. 2022-194922-NI**

**HON. YASMINE I. POLES**

**ALAN L. LATHAM (P77559)
RENEE C. GRUBER (P79422)**
Latham Law PLLC
Attorney for Plaintiff
346 Park Street, Suite 130
Birmingham, Michigan 48009
P: (248) 854-1634 / F: (248) 433-1989
E-Mail:  alatham@lathamlawgroup.com
                            /

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, NIA TIANNE REESE, and through her attorneys, LATHAM

LAW PLLC, complains against Defendants, GERALD FELTS, and SERVICE ELECTRIC

COMPANY. and for said Complaint says as follows:

## COMMON ALLEGATIONS

1.      Plaintiff NIA TIANNE REESE is a resident of the County of Oakland, State of Michigan,

and was so on July 9, 2021, the date of the automobile collision, which is the subject of

this lawsuit.

2.      Upon information and belief, Defendant Gerald Felts is a resident of the County of

Dickson, State of Tennessee and was so on July 9, 2021.

1

3.      The amount in controversy exceeds the Twenty-Five Thousand ($25,000.00) Dollar jurisdictional requirement of this Court (MCR 2.111, 1985 as amended), exclusive of costs, interest, and attorney fees and declaratory interest is sought.

4.      Upon information and belief, Defendant, SERVICE ELECTRIC COMPANY, is a Virginia State corporation, is a corporation licensed in the State of Virginia conducting a regular and systematic part of its business in Oakland County, Michigan but whose headquarters are located in Chattanooga, Tennessee.

5.      The actions giving rise to these damages suffered by Plaintiff and necessitating this claim occurred in the City of Southfield, County of Oakland, State of Michigan.

6.      That the within no-fault coverage dispute arose in the City of Southfield, County of Oakland, State of Michigan.

## STATEMENT OF FACTS

7.      Plaintiff incorporates by reference all other paragraphs in this Complaint.

8.      On or about July 9, 2021, in the County of Oakland, State of Michigan, Plaintiff was an occupant of a motor vehicle involved in an automobile collision and suffered accidental bodily injuries.

9.      On or about July 9, 2021, Plaintiff, was an innocent driver of a 2017 GMC Acadia, bearing state of Michigan license plate number JAA3304, and traveling northbound on Evergreen Road through intersection at Northwestern Highway with a green traffic signal, in Oakland County Michigan.

10.    At the aforesaid time and place, Defendant Felts was the driver of a 2019 Ford F250, bearing state of Tennessee license plate number 61570H2, was turning left from south Evergreen Road onto Northwestern Highway, in Oakland County, Michigan, when he

2

failed to operate vehicle in a safe manner and failed yield, causing his motor vehicle to collide with Plaintiff's vehicle.

11.     As a direct and proximate result of one, several, or all of the acts, omissions or failures to act on part of Defendant(s) as alleged herein, Plaintiff(s) suffered the injuries and damages set forth herein; and Plaintiff has been, and still is, undergoing continued diagnosis and treatment by medical professionals for the injuries they sustained as a result of the subject motor vehicle collision.

relief.

### COUNT I
### NEGLIGENCE- FELTS

12.     Plaintiff incorporates by reference all other paragraphs in this Complaint.

13.     At all relevant times, Defendant Service Electric Company was the sole owner of the 2019 Ford F250, bearing state of Tennessee license plate number 61570H2, which he was driving when this collision occurred.

14.     At the aforesaid time and place, Defendant Felts, failed to operate vehicle in a safe manner and failed to yield, causing his motor vehicle to collide with Plaintiff's vehicle, thereby causing the collision and is guilty of negligence, pursuant to MCLA 257.402.

15.     Defendant Felts owed the following duties of care to the public and Plaintiff, including but not necessarily limited to:

      a. Drive with due care, caution, and circumspection in such a manner as not to endanger the safety, health, life, and property, of the public and Plaintiff;

      b. To operate the vehicle on the roadway in a manner and at a rate of speed not greater than that which will permit it to be stopped within an assured, safe, and clear distance, MCLA 257.627;

c. Not to drive the vehicle recklessly and with willful and/or wanton disregard for the safety and rights of others, MCLA 257.626;

d. Not to drive in a careless or negligent manner to endanger or be likely to endanger others, MCLA 257.626b;

e. Not to drive the vehicle as to be following Plaintiff 's vehicle more closely than is reasonable and prudent, and having due regard for the speed of vehicles and the traffic upon, and the condition of the roadway, MCLA 257.643;

f. To keep the automobile constantly under control;

g. To attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in serious bodily and/or emotional injuries to Plaintiff(s);

h. To accord traffic on the through street the right of way;

i. To have the motor vehicle he was driving equipped with brakes adequate to control the movement of, and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels, in compliance with, *inter alia*, MCLA 257.705;

j. To properly use the available brakes the motor vehicle was equipped with;

k. To observe the highway in front of Defendant Felts's vehicle when Defendant knew or should have known that failure to observe Plaintiff's slowing vehicle, as a result of an emergency vehicle siren or merging traffic, would endanger the life or property of other persons using the roadway;

4

      l.  To come to a full stop before entering or crossing a roadway from an alley, private

           road, or driveway and to yield right of way to vehicles approaching on the roadway,

           specifically the Plaintiff's vehicle, *inter alia*, MCLA 257.652;

      m.  Such other wrongful acts and/or omissions as are presently unknown, but which

           may become known through the course of discovery and/or trial herein.

16.    As a direct and proximate result of Defendant's negligence and including but not limited to the breach of these duties, the collision occurred and the injuries stated in this complaint resulted.

17.    Prior to the incident, which forms the basis of this action, Plaintiff was reasonably strong and healthy persons and because of her injuries proximately caused by the negligent and/or otherwise improper acts and/or omissions of Defendant as set forth herein, Plaintiff suffered grievous and serious impairment of body function.

18.    As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious injuries and may suffer future or permanent mental anguish, pain and suffering, injuries, and limitations, including serious impairment of body function(s) and/or permanent serious disfigurement, and aggravation of any preexisting conditions, if any, and the sequelae thereof.

19.    Plaintiff' damages include, but are not limited to, the following injuries:

      a.  Closed-head injuries that are considered serious neurological injuries in compliance with MCLA 500.3135(2)(a)(ii);

      b.  Neck injuries and pain;

      c.  Back Injuries and pain;

      d.  Abdomen injuries and pain;

e.  Spinal injuries;

f.  Chest injuries and pain

g.  Left Shoulder Injuries and pain;

h.  Left arm pit injuries and pain;

i.  Right arm injuries and pain;

j.  Left elbow injuries and pain

k.  Left wrist injuries and pain

l.  Left hand and fingers injuries and pain

m.  Serious injuries to her back, neck, and other parts of her body as well as other
    related and appreciable difficulties, injuries, or consequences that have occurred,
    developed, or aggravated any preexisting problem;

n.  Post traumatic stress disorder, post traumatic depression, anxiety, irritableness
    and/or any other disturbance in Plaintiff's mental functioning;

o.  Sleep disorder(s) and/or difficulty sleeping;

p.  Sever shock, as well as physical pain and suffering as a result of being whipped
    around in the interior of the motor vehicle upon impact;

q.  Severe injury and trauma to the neck, which has resulted in Musculoskeletal neck
    pain;

r.  Loss of life's pleasures, and loss of the ability to participate in the usual activities
    of life which she had indulged in prior to the incidents which form the basis of this
    action;

s.  Extreme physical pain, suffering, mortification, embarrassment, humiliation, mental and emotional anxiety/anguish/distress, and other injuries/damages to her mental and/or physical well–being;

t.  Extensive medical treatment, including hospitalization, physical therapy, medical therapy, medical testing, and doctor visits;

u.  Wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums that are found to apply to the cause;

v.  Loss of peace of mind and financial security;

w.  Such other and further damages, injuries, and the sequelae thereof, which are presently unknown, undiagnosed, and or/which may become apparent and/or develop in the future.

20.  As a direct and proximate result of one, several or all of said acts, omissions or failure to act on the part of Defendant Felts as herein alleged, Plaintiff suffered other damages including but not limited to past, present, and/or future:

a.  Loss of wages and/or diminution of earning capacity to the extent that such losses are in excess of the Michigan No-Fault statute's monthly and yearly maximums and/or beyond the period covered by the Michigan No-Fault statute, as applicable to Plaintiff, and/or in excess of any amounts paid, payable or required to be provided under the laws of any state or federal government or other entity applicable to Plaintiff;

b.  Medical, hospital, surgical, ambulance, and related expenses to the extent that such losses are not covered by Plaintiff's medical and/or Michigan No-Fault and/or other

7

insurer(s), and/or in excess of any amounts paid, payable or required to be provided under the laws of any state or federal government or other entity as applicable to Plaintiff;

c.  Insurance deductibles and/or co-pays to the extent that such losses are not covered by Plaintiff's medical and/or Michigan No-Fault and/or other insurer(s), and/or in excess of any amounts paid, payable or required to be provided under the laws of any state or federal government or other entity as applicable to Plaintiff;

d.  Loss of insurability, benefits of insurance plans and/or policies, and/or increased insurance premiums;

e.  Other economic losses to the extent that such losses are not covered by Plaintiff's medical and/or Michigan No-Fault and/or other insurer(s), and/or in excess of any amounts paid, payable or required to be provided under the laws of any state or federal government or other entity as applicable to Plaintiff;

f.  Such other and further damages as may be ascertained during the course of discovery and/or trial herein, to the extent that such losses are not covered by Plaintiff's medical and/or Michigan No-Fault and/or other insurer(s), and/or in excess of any amounts paid, payable or required to be provided under the laws of any state or federal government or other entity as applicable to Plaintiff;

PLAINTIFF(S) REQUEST(S) that this court award damages against Defendant(s) in whatever amount he is found to be entitled in excess of $25,000, plus interest, costs, and actual attorney fees.

8

## COUNT II
## NEGLIGENT ENTRUSTMENT

2. Plaintiff incorporates by reference all other paragraphs in this Complaint.

3. Defendant Service Electric Company was the owner of the motor vehicle driven by Defendant Felts at the time of the collision.

4. Defendant Service Electric Company owed a duty to the Plaintiff not to negligently allow its vehicle to be operated by Defendant Felts without due care and caution and not to allow the vehicle to be operated in such a manner as to endanger Plaintiff health, life, and property and in violation of the motor vehicle codes of the State of Michigan and the rules of common law.

5. Defendant Service Electric Company allowed the motor vehicle to be entrusted to Defendant Felts with its express or implied consent or knowledge.

6. Contrary to the duties owed to Plaintiff, Defendant Service Electric Company negligently breached these duties by allowing its vehicle to be operated by a person whom it knew or should have known would operate the vehicle in a careless, reckless, or incompetent manner, in violation of the motor vehicle codes of the State of Michigan and the rules of common law.

7. As a result of Defendant Service Electric Company's negligent entrustment of the motor vehicle to Defendant Felts, Defendant Service Electric Company was negligent as set forth in Count I, causing the injuries that occurred.

PLAINTIFF(S) REQUEST(S) that this court award damages against Defendant(s), in whatever amount they are found to be entitled in excess of $25,000, plus interest, costs, and actual attorney fees.

9

## COUNT III
## OWNER'S LIABILITY

8.   Plaintiff incorporates by reference all other paragraphs in this Complaint.

9.   At all times pertinent hereto, the vehicle being operated by Defendant Felts, was being operated with the express and/or implied permission and consent of the vehicle's owner, Defendant Service Electric Company, as a result Defendant Service Electric Company, is liable to Plaintiff(s) due to the negligent operation of said vehicle by Defendant Felts, pursuant to Michigan's Owner Liability Statute, MCL 357.401 et. seq.

10.  As a direct and proximate result of the negligence of Defendant Felts and therefore, Defendant Service Electric Company, Plaintiff did suffer and will continue to suffer serious impairment of bodily functions, permanent serious disfigurement, grievous permanent injuries and permanent disabilities and damages as set forth in Count I.

PLAINTIFF(S) REQUEST(S) that this court award damages against Defendant(s), in whatever amount they are found to be entitled in excess of $25,000, plus interest, costs, and actual attorney fees.


Respectfully submitted,

**LATHAM LAW PLLC**

DATED: July 15, 2022

By:___ /s/ Alan L. Latham _____
        ALAN L. LATHAM (P77559)
        Attorneys for Plaintiff


10

# STATE OF MICHIGAN

## IN THE SIXTH CIRCUIT COURT FOR THE COUNTY OF OAKLAND

---

**NIA TIANNE REESE,**

           Plaintiff,

-v-

**GERALD FELTS,**

           Defendant.
_____/

**CASE NO.**        **NI**

**HON.**

**ALAN L. LATHAM (P77559)**
**RENEE C. GRUBER (P79422)**
Latham Law PLLC
Attorney for Plaintiff
346 Park Street, Suite 130
Birmingham, Michigan 48009
P: (248) 854-1634 / F: (248) 433-1989
E-Mail: alatham@lathamlawgroup.com
_____/

### DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, NIA TIANNE REESE, by and through his attorney, LATHAM LAW PLLC, and hereby demands a trial by jury of all issues as they relate to the above captioned cause of action.

                         Respectfully submitted,

                         **LATHAM LAW PLLC**

                         By:___ /s/ Alan L. Latham _____
DATED:_July 15, 2022_____      ALAN L. LATHAM (P77559)
                         Attorneys for Plaintiff

11



Latham Law Group
346 Park St. Suite 130
Birmingham, MI 48009



**CERTIFIED MAIL**

7020 3160 0001 4691 6031





UNITED STATES
POSTAL SERVICE

1000          23219

U.S. POSTAGE PAID
FCM LETTER
BIRMINGHAM, MI
48012
JUL 19, 22
AMOUNT

**$8.09**

R2304H109155-27

Corporation Service Company
100 Shockoe Slip Fl 2,
Richmond, VA 23219-4100

23219-416499